IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SHIQUAN WOFFORD, | ) | CASE NO. 5:16-cv-00159 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| BRINGHAM SLOAN, | ) | KATHLEEN B. BURKE |
| | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

Petitioner Shiquan Wofford ("Petitioner" or "Wofford"), acting *pro se*, filed this habeas corpus action pursuant to 28 U.S.C. § 2254. Doc. 1 ("Petition"). Wofford challenges the constitutionality of his conviction in *State v. Wofford*, Case No. 2013-CR-0526 (Stark County). Following a jury trial, Wofford was found guilty of one count of burglary, a felony of the third degree (Count 1). Doc. 7-1, pp. 11-16. He was found not guilty of domestic violence, a misdemeanor of the first degree (Count 2). Doc. 7-1, pp. 11-16. The trial court sentenced Wofford to thirty-six months in prison.[1] Doc. 7-1, p. 14.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2. On March 21, 2016, Respondent filed an Answer/Return of Writ. Doc. 7. On May 27, 2016, Petitioner filed a Traverse and Motion for Summary/Default Judgment on Ground Three. Doc. 18.

---

[1] The trial court ordered that Wofford serve his thirty-six month sentence in Case No. 2013-CR-0526 consecutive to his sentence in Stark County Common Pleas Case Number 2010-CR-1258. Doc. 7-1, p. 14.

1

Also pending is Wofford's motion for reconsideration of the undersigned's order denying his request to expand the record (Doc. 16). Doc. 17. Wofford requests that he be allowed to expand the record to include a transcript from an August 14, 2013, Community Control Sanctions hearing in Stark County Case No. 2010-CR-1258. Doc. 17. Wofford contends that, once he shows that there was insufficient evidence to convict him of burglary in Case No. 2013-CR-0526 (the conviction being challenged in this federal habeas petition), then he can show he did not violate the terms of his community control in Stark County Case No. 2010-CR-1258. Doc. 17. Included in the record filed by Respondent is a copy of the Judgment Entry – Community Sanctions Revoked and Sentence Imposed – entered in Case No. 2010-CR-1258. Doc. 7-1, pp. 3-6. Although Wofford claims that the two cases are interrelated, Wofford's Petition pertains to his conviction in Case No. 2013-CR-0526, not Case No. 2010-CR-1258, and he has not shown a basis for expanding the record to include additional court records or transcripts from Case No. 2010-CR-1258. Accordingly, his motion for reconsideration (Doc. 17) is **DENIED**. Also, Wofford's request for a hearing (Doc. 1, p. 1, Doc. 18, p. 4) is **DENIED**.

Further, for the reasons set forth herein, the undersigned recommends that the Court **DISMISS in part and DENY in part** Wofford's Petition (Doc. 1). Grounds One, Two, and Four and the manifest weight of the evidence portion of Ground Three should be **DISMISSED** as not cognizable on federal habeas review and the sufficiency of the evidence portion of Ground Three should be **DENIED** on the merits. Also, for the reasons stated herein, the undersigned recommends that the Court **DENY** Wofford's Motion for Summary/Default Judgment on Ground Three (Doc. 18).

## I. Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to a judgment of a state court, the state court's factual findings are presumed correct. The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied,* 129 S. Ct. 2878 (2009). The Ohio Court of Appeals summarized the facts underlying Wofford's conviction as follows:

> {¶ 2} On March 31, 2013, Appellant and his girlfriend, Shawnee Holloway, engaged in an argument at Holloway's residence. Appellant stayed overnight with Holloway on occasion. Holloway testified during the argument, Appellant kicked and pushed her, then left the residence. When Appellant left the residence, Holloway locked the door. Appellant then started banging on the door to the residence. Holloway observed Appellant outside by the window. Afraid for her safety, Holloway ran to a second floor bedroom of the house, and then heard Appellant coming through the house.
>
> {¶ 3} Deric Johnson, Holloway's brother, testified at trial he was staying overnight at Holloway's residence on March 31, 2013. He overheard Holloway and Appellant arguing, and ultimately called 911 at Holloway's request. He testified there was glass in the residence due to a window being broken. Johnson dialed 911 from a second floor bedroom, and the call was played to the jury during the testimony of Johnson. Johnson was whispering during the call because he didn't want Appellant to find Holloway, who was hiding in the room. During the call, the sound of glass breaking could be heard.
>
> {¶ 4} Holloway ran to a neighbor's house, fearful Appellant would hurt her.
>
> {¶ 5} Appellant claims to have entered the residence with a key in order to retrieve his clothes.
>
> {¶ 6} Officer Boyer of the Canton Police Department, responded to the 911 call, and observed Holloway who appeared upset and tearful, with marks on her back and right hand. Officer Boyer also observed a significant amount of glass on the inside of the residence in the kitchen area. Appellant maintained the window was broken when Holloway threw a cell phone from inside the residence.

3

*State v. Wofford*, 2014-Ohio-3122, ¶¶ 2-6, 2014 WL 3530929, * 1 (Ohio App. July 14, 2014); *see also* Doc. 7-1, pp. 73-74.

## II.     Procedural Background

### A.     State conviction

In May 2013, the Stark County Grand Jury indicted Wofford[2] on one count of burglary (Count 1) and one count of domestic violence (Count 2). Doc. 7-1, pp. 7-9. Wofford, through counsel, entered a plea of not guilty to all charges. Doc. 7-1, p. 10. On August 13, 2013, a jury found Wofford guilty of the crime of burglary as charged in the indictment and not guilty of the crime of domestic violence. Doc. 7-1, pp. 11-16. On that date, the trial court proceeded to sentence Wofford to a prison term of 36 months on burglary (Count 1).[3] Doc. 7-1, p. 14. The trial court ordered Wofford to serve the 36 month sentence consecutive with Stark County Common Pleas Case No. 2010-CR-1258. Doc. 7-1, p. 14.

### B.     Direct appeal

On September 13, 2013, Wofford, through counsel, filed a notice of appeal with the Fifth District Court of Appeals. Doc. 7-1, p. 17. In his brief, filed by counsel on March 28, 2014 (Doc. 7-1, pp. 18-44), Wofford raised the following assignments of error:

1. The trial court abused its discretion when it allowed the playing of a 911 tape that the State of Ohio did not provide to appellant through discovery in a timely manner.

2. Appellant's conviction was against the manifest weight and sufficiency of the evidence.

---

[2] Petitioner's last name is spelled Wooford in the indictment. Doc. 7-1, p. 7. During trial, without objection from the defense, the prosecution moved to amend the indictment to correct the spelling of Petitioner's last name from W-O-O-F-O-R-D to W-O-F-F-O-R-D. Doc. 7-2, p. 203.

[3] The Judgment Entry was docketed on August 22, 2013. Doc. 7-1, p. 13.

4

3. The trial court erred when it denied appellant's motion to set aside the verdict as inconsistent.

4. Appellant was denied his rights to due process and of assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution, because his trial counsel provided ineffective assistance.

Doc. 7-1, pp. 21, 27-35. The State of Ohio filed its brief on April 17, 2014. Doc. 7-1, pp. 45-70.

On July 14, 2014, the Fifth District Court of Appeals affirmed Wofford's conviction. Doc. 7-1, pp. 71, 72-84.

On August 28, 2014, Wofford, through new appellate counsel, filed a notice of appeal with the Supreme Court of Ohio (Doc. 7-1, pp. 85-87) and Memorandum in Support of Claimed Jurisdiction (Doc. 7-1, pp. 88-110) raising the following propositions of law:

1. A criminal defendant has a right to have discoverable evidence produced by the state in a timely manner.

2. A criminal defendant cannot be convicted without sufficient evidence in the record to support the conviction; a conviction cannot stand that is against the manifest weight of the evidence.

3. Acquittal of the offense of domestic violence is impermissibly inconsistent with a verdict of guilty on a burglary count when the jury is instructed that domestic violence is an essential element of the burglary count.

4. Defense counsel's failure to request an instruction on a lesser included offense and failure to communicate with the defendant regarding witnesses and trial strategy amount to ineffective assistance of counsel and violate the Defendant's Sixth Amendment right to counsel.

Doc. 7-1, pp. 89, 92-96. The State of Ohio filed a Memorandum in Response. Doc. 7-1, pp. 111-127. On February 18, 2015, the Supreme Court of Ohio declined to accept jurisdiction of Wofford's appeal. Doc. 7-1, p. 128.

5

### C. Motion for judicial release

On September 11, 2015, Wofford, acting *pro se*, filed a letter with the trial court requesting judicial release. Doc. 7-1, pp. 129-130. On September 14, 2015, the trial court denied Wofford's motion for judicial release. Doc. 7-1, p. 131.

### D. Post-conviction petition to vacate or set aside judgment of conviction or sentence

On December 28, 2015, Wofford, acting *pro se*, filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence with the Stark County Court of Common Pleas.[4] Doc. 7-1, pp. 132-144. In his post-conviction petition, Wofford raised the following claims:

1. The trial court erred by instructing the jury that Domestic Violence was an essential element of Burglary, thereby depriving the Petitioner due process and right to a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 and 16 of the Ohio Constitution.

2. When the State violated *Brady v. Maryland*, the petitioner was deprived his right to a fair trial and due process, in violation of the Sixth and Fourteenth Amendment to the United States Constitution and Article I, Section 10 and 16 of the Ohio Constitution.

Doc. 7-1, pp. 133-135. On January 4, 2016, the State of Ohio filed its Response and a Motion to Dismiss and Motion for Summary Judgment. Doc. 7-1, pp. 145-166. On January 6, 2016, the Stark County Court of Common Pleas denied Wofford's petition for post-conviction relief and granted the State of Ohio's motion to dismiss, finding that Wofford had failed to timely file his petition for post-conviction relief; Wofford's claims were barred by the doctrine of res judicata since he had raised the arguments being raised in his petition in his direct appeal and the court of appeals rejected those arguments; and Wofford failed to submit any evidentiary materials to

---

[4] Along with his post-conviction petition, Wofford filed an Affidavit of Indigency (Doc. 7-1, p. 137), Motion for Appointment of Counsel (Doc. 7-1, pp. 138-139) and Motion for Expert Assistance (Doc. 7-1, pp. 140-144).

warrant a hearing or satisfy his burden. Doc. 7-1, pp. 167-168. Wofford did not appeal from the trial court's January 6, 2016, denial of his post-conviction petition.

**E.     Federal habeas corpus**

On January 22, 2016, Wofford, acting *pro se*, filed his Petition asserting four grounds for relief. Doc. 1. Respondent filed an Answer/Return of Writ. Doc. 7. Petitioner filed a Traverse and Motion for Summary/Default Judgment on Ground Three. Doc. 18. Wofford's grounds for relief are discussed more fully below in Section III.B.

### III.     Law and Analysis

**A.     Standard of Review under AEDPA**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). In particular, the controlling AEDPA provision states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S.

362, 412-13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id*. at 599-600 (quoting *Williams*, 529 U.S. at 413). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The state court's application of clearly established law must be objectively unreasonable." *Id.*

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington*, 562 U.S. 86, 102-103 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The petitioner carries the burden of proof. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

**B.     Grounds for relief**

    **1.     Grounds One, Two, and Four and the manifest weight portion of Ground Three are not cognizable on federal habeas review and should be DISMISSED**

Wofford's grounds for relief are as follows:

**Ground One**: ACTUAL INNOCENCE VIA FACTUAL INNOCENCE CLAIM (Non Exhaustion waiver request) erred Jury instruction pertaining to the Burglary Conviction violated Petitioners right to a fair trial where sufficiency of evidence issues present itself which amount to procedural and substantive due process violations.

As stated above, Palpable Defects[5] appear in opinion which amounts to excuse exhaustion requirements, also Trial Court gave prejudicial jury instructions pertaining to the jury and jury lost its way in its decision.

**Ground Two**: The Trial Court abused its discretion when it allowed the playing of a 911 tape that the State of Ohio did not provide to Appellant through Discovery in timely matter.

**Supporting Facts**: The State failed to include the 911 tape which contained . . . critical exculpatory material as part of the Discovery. When the Petitioner's Trial Counsel received this material, he had only 2 days to prepare a defense for trial. This caused unfair prejudiced, thereby depriving his right to a fair trial. Trial Counsel, Petinni, requested of the Court to exclude the admission of the 911 tape because its probative value substantially outweighed the danger of unfair prejudiced. The Trial Court abused its discretion in allowing the damaging evidence at trial. The State's reasoning for the delay in informing the petitioner and his counsel of the 911 tape, there was no definite response. Their response was, "a while ago". The Brady material should have been excluded by the Trial Court upon his Counsel's motion to the Court's.

**Ground Three**: Appellant's conviction was against manifest weight and sufficiency-of-the-evidence.

**Supporting Facts**: The State did not prove the elements to sustain the charge for burglary. There was no weapon recovered as to a forcible entry, no witness and the fact that it was stated to the jury that domestic violence is the essential element to the crime of burglary, in which the petitioner was found not guilty. The State did not prove beyond a reasonable doubt all elements of the charges in the indictment, such as force. It was only stated what the victim said without any supporting evidence to the facts stated; the police testified that there were no cuts on the petitioner or torn clothing, which would have been consistent with forcible entry through a window. There were no fingerprints to support the evidence in this case. The victim in this case also expressed she did not see the petitioner commit the offense as charged in the indictment.

---

[5] According to Wofford, the alleged palpable defects in the state court of appeals' opinion are that the jury did not find him guilty of domestic violence and he was not sentenced to six months in prison. Doc. 1, p. 2. Wofford has not argued or shown that any such errors would entitle him to federal habeas relief.

>**Ground Four**: The Trial Court erred when it denied Appellant's motion to set aside the verdict as inconsistent.
>
>**Supporting Facts**: The Petitioner was charged with Burglary and Domestic Violence. He was found guilty of the Burglary charge, but not the Domestic Violence. The Trial Court instructed the jury that Domestic Violence was an essential element of burglary as charged in the indictment. The jury lost its was and wrongfully convicted the petitioner due to the faulty instructions from the Trial Court. The jury was instructed that if Petitioner committed burglary upon a residence, it was done only to commit Domestic Violence on the victim in this case.

Doc. 1, pp. 3-4.

Respondent contends that Grounds One, Two and Four and the manifest weight claim in Ground Three are subject to dismissal because the claims raised therein are not cognizable on federal habeas review. Doc. 7, pp. 8-12, 15-16. In his Traverse, Wofford concedes that the Grounds One, Two and Four and the manifest weight claim in Ground Three are not cognizable and are therefore moot. Doc. 18, p. 2, ¶ 9 ("Petitioner concedes to Respondent's . . . Non-Cognizable claims . . ."); Doc. 18, p. 2 ("Petitioner Mr. Wofford concedes that a Manifest Weight standard is a matter of State Law. A weight of the evidence claim is not a Federal Constitutional Claim."); Doc. 18, p. 4 (In requesting that the Court grant his habeas petition on the basis of insufficient evidence as claimed in Ground Three, Petitioner states "All other grounds for relief that is presented for review are moot . . .").

Upon consideration of Wofford's own concessions that the claims raised in Ground One (actual innocence and challenge to jury instructions), Ground Two (challenge to the trial court's ruling regarding discovery and admission of evidence), Ground Three (manifest weight of evidence portion), and Ground Four (trial court alleged error based on denial of request to set aside inconsistent verdicts), are not cognizable on federal habeas review and having independently considered said claims, the undersigned concludes that the claims are not

cognizable on federal habeas review. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993) ("[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'); *Wright v. Stegall*, 247 Fed. Appx. 709, * 711 (6th Cir. 2007) ("Since the Supreme Court has declined to recognize a freestanding innocence claim in habeas corpus, outside the death-penalty context, this court finds that petitioner's claim is not entitled to relief under available Supreme Court precedent."); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) (A state court's evidentiary ruling generally will not constitute a due process violation unless it offends "some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental."); *Brown v. Moore*, 2008 WL 4239160, *8 (S.D. Ohio 2008) ("A 'manifest weight of evidence' claim, which is based on a state law concept that is 'both quantitatively and qualitatively different' from a constitutional due process sufficiency of evidence standard, raises an issue of state law only that is not cognizable in a federal habeas corpus proceeding.") (citing 28 U.S.C. § 2254(a) and *Pulley v. Harris*, 465 U.S. 37, 41 (1998)); *Russell v. Anderson*, 2008 WL 4534144, *3 (N.D. Ohio Oct. 6, 2008) (questioning whether a claim based on inconsistent verdicts is a federally cognizable claim and noting that "each count in an indictment is regarded as if it was a separate indictment" and "[t]he Sixth Circuit has held that inconsistency in verdicts is not a sufficient reason for reversal, regardless if a jury or judge is the trier of fact.") (internal citations omitted). Accordingly, the

11

undersigned recommends that the Court **DISMISS** Grounds One, Two and Four and the manifest weight of the evidence portion of Ground Three as not cognizable on federal habeas review.[6]

### 2. Ground Three - sufficiency of the evidence – is without merit and should be DENIED

In addition to raising a non-cognizable manifest weight of the evidence claim in Ground Three, Wofford also argues that his conviction for burglary is not supported by sufficient evidence. Doc. 1, pp. 3-4. Wofford seeks summary/default judgment on Ground Three, arguing that Respondent failed to respond to his sufficiency of the evidence claim. Doc. 18, pp. 2-3. However, Respondent included in his Answer/Return of Writ a response to Wofford's sufficiency of the evidence claim in Ground Three, arguing that said claim should be denied on the merits. Doc. 7, pp. 29-32. Accordingly, summary/default judgment in favor of Wofford on Ground Three – sufficiency of the evidence- is not warranted and the undersigned recommends that the Court **DENY** Wofford's Motion for Summary/Default Judgment on Ground Three. Further, for the reasons set forth below, the undersigned finds no merit to the claim and recommends that the Court **DENY** Wofford's Ground Three sufficiency of the evidence claim.

*Sufficiency of the evidence standard*

In reviewing a claim that a petitioner's conviction was not supported by sufficient evidence, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in

---

[6] Respondent also contends that Grounds One, Two and Four are barred from federal habeas review based on procedural default. Doc. 7, pp. 20-25. Whether or not Wofford's claims are procedurally defaulted, his claims are not cognizable on federal habeas review. Accordingly, it is not necessary to assess whether Wofford procedurally defaulted the claims.

original). Under this standard, deference is due the jury's determination. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). The standard is not "whether the trier of fact made the *correct* guilt or innocence determination but, rather whether it made a *rational* decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402 (1993) (emphasis in original). Thus, in making a determination as to sufficiency of evidence, a court does "not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [its] judgment for that of the jury." *Brown*, 567 F.3d at 205; *see also Matthews v. Abramajtys,* 319 F.3d 780, 788 (6th Cir. 2003). "Circumstantial evidence alone is sufficient to support a conviction, and it is not necessary for the evidence to exclude every reasonable hypothesis except that of guilt." *Johnson v. Coyle*, 200 F.3d 987, 992 (6th Cir. 2000) (internal quotations and citations omitted); *see also Durr v. Mitchell*, 487 F.3d 423, 449 (6th Cir. 2007) ("circumstantial evidence is entitled to equal weight as direct evidence").

On federal habeas review, an additional layer of deference applies. *Brown*, 567 F.3d at 205; *Snyder v. Marion Correctional Inst., Warden*, 608 Fed. Appx. 325, 327 (6th Cir. 2015) (indicating that, where a petitioner's "claims arise in the context of a § 2254 petition, [the court's analysis] must be refracted through yet another filter of deference") (citing *Coleman v. Johnson*, — U.S. —, 132 S.Ct. 2060, 2062, 182 L.Ed.2d 978 (2012) (per curiam) which reaffirmed that sufficiency of the evidence claims under *Jackson* "face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference"). Accordingly, even if this Court were to conclude that a rational trier of fact could not have found petitioner guilty beyond a reasonable doubt, the Court "must still defer to the *state appellate court's* sufficiency determination as long as it is not unreasonable." *Brown*, 567 F.3d at 205 (emphasis in original)*; see also White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009).

13

*Application of sufficiency of evidence standard to Wofford's claim*

Given that it is not for this Court to "reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury[,]" *Brown*, 567 F.3d at 205, and upon considering the evidence in the light most favorable to the prosecution, the undersigned finds that a rational trier of fact could have found the essential elements of the crime of burglary for which Wofford was convicted of beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. Moreover, in light of the second layer of deference accorded to the state court's adjudication of a sufficiency claim, even if this Court concluded that a rational trier of fact could not have found guilt beyond a reasonable doubt, federal habeas relief is only warranted when the state court of appeals' sufficiency determination is unreasonable.

Here, the state court applied the correct standard under *Jackson* when assessing Wofford's sufficiency of the evidence claim. *Wofford*, 2014 WL 3530929, * 2, ¶ 25 (relying on *Jackson*, 443 U.S. 307, 319 (1979) when discussing the proper standard of review when reviewing a sufficiency of the evidence challenge). In analyzing Wofford's sufficiency of the evidence claim and finding his assignment of error to be without merit, the state appellate court stated:

> {¶24} In the second assignment of error, Appellant argues his conviction was against the manifest weight and sufficiency of the evidence.
>
> {¶25} When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997) (stating that "sufficiency is a test of adequacy"); *State v. Jenks,* 61 Ohio St.3d 259, 274, 574 N.E.2d 492 (1991). The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Jenks,* 61 Ohio St.3d at 273,

> 574 N.E.2d 492. Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *Thompkins,* 78 Ohio St.3d at 390, 678 N.E.2d 541 (Cook, J., concurring).
>
> {¶26} Thus, when reviewing a sufficiency-of-the-evidence claim, an appellate court must construe the evidence in a light most favorable to the prosecution. *State v. Hill,* 75 Ohio St.3d 195, 205, 661 N.E.2d 1068 (1996); *State v. Grant,* 67 Ohio St.3d 465, 477, 620 N.E.2d 50 (1993). A reviewing court will not overturn a conviction on a sufficiency-of-the-evidence claim unless reasonable minds could not reach the conclusion that the trier of fact did. *State v. Tibbetts,* 92 Ohio St.3d 146, 162, 749 N.E.2d 226 (2001); *State v. Treesh,* 90 Ohio St.3d 460, 484, 739 N.E.2d 749 (2001).

*Wofford*, 2014 WL 3530929, * 2-3 (Ohio App. July 14, 2014); *see also* Doc. 7-1, pp. 76-77.

Further, the state court of appeals considered the statutory elements of the burglary offense for which Wofford was convicted in the light most favorable to the prosecution and reached the conclusion that there was sufficient evidence to support the conviction:

> {¶30} Appellant was convicted of burglary, in violation of R.C. 2911.12(A)(3), which reads,
>
> {¶31} "(A) No person, by force, stealth, or deception, shall do any of the following:
>
> {¶32} " * * *
>
> {¶33} "(3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense."

*Wofford*, 2014 WL 3530929, * 4 (Ohio App. July 14, 2014); *see also* Doc. 7-1, pp. 76-79.

Wofford contends that there was insufficient evidence to convict him of burglary because there was no evidence of forcible entry and he was not convicted of any criminal offense, specifically domestic violence. Doc. 1, p. 3, Doc. 18, p. 3. However, the state court of appeals

15

considered both of Wofford's claims. First, with respect to his claim that there was insufficient evidence of forcible entry, the state court of appeals concluded:

> {¶34} Appellant maintains his conviction for burglary is against the manifest weight and sufficiency of the evidence as there is no evidence he used force, stealth or deception to enter the residence; rather, he entered the residence with a key. Appellant argues there was no witness to testify he entered the residence through the window, and no witness testified to him having cuts or scrapes on his person. Appellant asserts the window broke as a result of a cell phone being thrown by Holloway through the window from inside the residence.
>
> {¶35} Again, the trier-of-fact is in the best position to weigh the evidence and judge the credibility of the witnesses. The testimony and evidence presented at trial was that Officer Boyer observed shattered glass on the inside of the residence, near the broken window. On the playing of the 911 tape, the sound of glass breaking can be heard, after Holloway had locked the door, and ran upstairs fearful of harm inflicted by Appellant.

*Wofford*, 2014 WL 3530929, * 4, *see also* Doc. 7-1, pp. 79-80.

Next, with respect to Wofford's claim that there was insufficient evidence of purpose to commit the offense of domestic violence, the state court of appeals concluded:

> {¶36} Second, Appellant argues his conviction for burglary is against the manifest weight and sufficiency of the evidence because the element of purpose to commit a crime was not satisfied. Specifically, Appellant observes the jury returned a verdict of not guilty for domestic violence as to Appellant's kicking and pushing Holloway prior to leaving the residence.
>
> {¶37} Upon review of the record, we find the trier-of-fact could infer Appellant forcibly reentered the residence after previously having left, with the intent to commit the crime of domestic violence. Holloway testified at trial she was afraid and scared Appellant was going to hurt her.
>
> {¶38} Accordingly, Appellant's conviction for burglary was not against the manifest weight and sufficiency of the evidence.

*Wofford*, 2014 WL 3530929, * 4; *see also* Doc. 7-1, p. 80.

In arguing that the evidence was insufficient to convict him of burglary, Wofford contends that there was no weapon recovered, no fingerprints, no cuts were observed on him and there was no evidence of torn clothing, he did not commit a criminal offense upon reentering the victim's home, and the victim did not personally observe him commit the offense. Doc. 1, pp. 3-4, Doc. 18, p. 3. However, "circumstantial evidence is entitled to equal weight as direct evidence." *Durr*, 487 F.3d 423 at 449. Furthermore, Wofford has failed to demonstrate that the state court of appeals unreasonably concluded that there was sufficient evidence from which a reasonable trier of fact could conclude that he reentered the victim's home with force and purpose to commit the offense of domestic violence. Also, in making a determination as to sufficiency of evidence, a court does "not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [its] judgment for that of the jury." *Brown*, 567 F.3d at 205. Thus, Wofford's apparent attempt to have this Court reweigh the evidence is futile.

Based on the foregoing, the undersigned recommends that the Court **DENY** Wofford's sufficiency of the evidence claim in Ground Three.

### IV. Conclusion and Recommendation

For the reasons stated herein, the undersigned recommends that the Court **DISMISS in part and DENY in part** Wofford's Petition (Doc. 1). Grounds One, Two, and Four and the manifest weight of the evidence portion of Ground Three should be **DISMISSED** as not cognizable on federal habeas review and the sufficiency of the evidence portion of Ground Three should be **DENIED** on the merits. Also, for the reasons stated herein, the undersigned recommends that the Court **DENY** Wofford's Motion for Summary/Default Judgment on Ground Three (Doc. 18).[7]

Dated: August 12, 2016

Kathleen B. Burke
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[7] As discussed more fully above, Wofford's Motion for Reconsideration (Doc. 17) is **DENIED** and Wofford's request for a hearing (Doc. 1, p. 1, Doc. 18, p. 4) is **DENIED**.