UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Shiquan Wofford,                                              Case No. 5:16-cv-0159

         Petitioner,

    v.                                                            MEMORANDUM OPINION
                                                         AND ORDER

Brigham Sloan, Warden,

         Respondent.

## I. INTRODUCTION

Petitioner Shiquan Wofford, acting *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254, related to his conviction on a burglary charge following a 2013 jury trial in the Stark County, Ohio Court of Common Pleas. (Doc. No. 1). Magistrate Judge Kathleen B. Burke reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I deny in part and dismiss in part the petition. (Doc. No. 19). Judge Burke also recommends I deny Wofford's motion for summary or default judgment on ground three of his petition. Wofford has filed objections to Judge Burke's Report and Recommendation. (Doc. No. 23). For the reasons stated below, I overrule Wofford's objections and adopt Judge Burke's Report and Recommendation.

## II. BACKGROUND

Wofford does not object to Judge Burke's description of the factual and procedural history of Wofford's case, and I adopt those sections of the Report and Recommendation in full. (Doc. No. 19 at 3-7).

### III.  STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy.  28 U.S.C. § 636.  Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### IV.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1).

Judge Burke recommends I dismiss grounds one, two, and four, and the portion of ground three addressing the manifest weight of the evidence, because the arguments raised in those grounds are not cognizable in a federal habeas matter.  (Doc. No. 19 at 2).  Judge Burke also recommends I deny the portion of ground three addressing Wofford's sufficiency of the evidence claim, as well as Wofford's motion for summary or default judgment on ground three.  (Id.).  Wofford objects only

2

to the recommendation that I deny the sufficiency-of-the-evidence-claim in ground three. (Doc. No. 23). By failing to file written objections to the other sections, Wofford has waived any objection to the remaining portions of the Report and Recommendation. *See, e.g., Walters*, 638 F.2d at 950. I adopt those portions in full.

As Judge Burke noted, a challenge to the sufficiency of the evidence against a defendant falls short if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see also State v. Tibbetts*, 749 N.E.2d 226, 249 (Ohio 2001). The Fifth District Court of Appeals addressed Wofford's sufficiency argument on appeal and, after reviewing the trial court record, concluded "the trier-of-fact could infer [Wofford] forcibly reentered the residence after previously having left, with the intent to commit the crime of domestic violence. [Shawnee] Holloway [, Wofford's girlfriend,] testified at trial she was afraid and scared [Wofford] was going to hurt her." *State v. Wofford*, No. 2013CA00186, 2014 WL 3530929, at *5 (Ohio Ct. App., July 14, 2014) (alterations added).

Wofford was convicted of burglary under an Ohio statute prohibiting any person from using "force, stealth, or deception . . . [to trespass] in an occupied structure . . . with [the] purpose to commit in the structure . . . any criminal offense." Ohio Rev. Code § 2911.12(A)(3) (alterations added). Wofford contends his burglary conviction was improper because, while the trial court had instructed the jury "the offense of domestic violence is an essential element of the crime of burglary," the jury acquitted him on the domestic violence charge. (Doc. No. 23 at 2). As a result, he argues, there was insufficient evidence to support the jury's verdict on the burglary charge.

A federal court's habeas review of a sufficiency-of-the-evidence claim must defer to the state appellate court's resolution of that claim, so long as that resolution is reasonable, and the appellate court's resolution must view the evidence in the light most favorable to the prosecution and

determine whether the fact-finder's decision was rational. *See, e.g., Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). The Fifth District Court of Appeals reviewed Wofford's assignment of error which argued his conviction was not supported by sufficient evidence and concluded there in fact was sufficient evidence. The court noted the sound of glass breaking could be heard on the 911 recording and that Holloway testified she was afraid Wofford was going to hurt her after he reentered the house. *State v. Wofford*, 2014 WL 3530929, at *4-5 (Ohio Ct. App., July 14, 2014).

I conclude the appellate court's resolution of Wofford's sufficiency-of-the-evidence claim was reasonable. Section 2911.12(A)(3) requires only that a defendant enter an occupied structure with the purpose or intent to commit a crime, not that the defendant actually take all of the actions necessary to commit that crime. *See, e.g., State v. Jolley*, No. C-980715, 1999 WL 283923, at *2 (Ohio Ct. App. May 7, 1999) ("The state was not required to establish the commission of the intended underlying offense to prove burglary.").

Evidence presented at trial, including through Holloway's testimony, showed Wofford occasionally spent the night with Holloway, his girlfriend, and that she was afraid he would hurt her. *See* Ohio Rev. Code § 2919.25. Further, the appellate court's description of Wofford's "re-entry" into the house did not create a new charge of burglary, but merely acknowledged the fact that Wofford previously was in the house, left, and came back. (*Cf.* Doc. No. 23 at 3 ("Wofford did not get charged with burglary pertaining to any re-entry nor was the jury instructed on re-entry of the residence after previously having left.")). Viewed in the light most favorable to the prosecution, the record contains sufficient evidence to support the jury's conclusion that Wofford used force to enter the house with the purpose of causing physical harm to his girlfriend, with whom Wofford at times had stayed overnight.

Finally, Wofford also objects to Judge Burke's decision to deny his motion for reconsideration of Judge Burke's denial of Wofford's motion for leave to expand the record, (Doc.

4

No. 17), as well as his request for a hearing, (Doc. No. 18 at 4). (*See* Doc. No. 23 at 1). Wofford offers only one sentence regarding this decision, noting only his objection to that decision. This sentence is no more than a general objection that does not identify any specific issue for review and therefore Wofford has waived review of this portion of the Report and Recommendation. *Kelly*, 25 F.3d at 365 (noting a party's failure to identify specific issues for review "runs contrary to the purposes of the Magistrates Act") (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). To the extent this objection may constitute an appeal of the Magistrate Judge's decision to deny the motion and the request for a hearing, Wofford offers no explanation as to why Judge Burke's decision was incorrect, and therefore I will not disturb her decision.

## V. CONCLUSION

For the reasons stated above, I overrule Wofford's objections, (Doc. No. 23), to Magistrate Judge Burke's Report and Recommendation, (Doc. No. 19), and adopt the Report and Recommendation in full. I dismiss Grounds One, Two, Four, and the manifest-weight-of-the-evidence portion of Ground Three, and I deny the petition as to the sufficiency-of-the-evidence portion of Ground Three. Further, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge